Law Office of David Landry
David Landry, CSBN 207706
121 Broadway, Suite 548
San Diego, CA 92101
(619) 702-2020, Fax (619) 702-2080
LandryDavid@msn.com; Cell (619) 994-8459

Attorney for Plaintiff
Gustavo Godoy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO GODOY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA; DOES 1 through 50 inclusive,<br><br>Defendants. | Case No: '11CV0161 L NLS<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

FOR DAMAGES, FOR PERSONAL INJURY FOR NEGLIGENCE, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO THE FEDERAL TORTS CLAIMS ACT AS WELL AS VIOLATIONS OF CONSTITUTIONALLY PROTECTED RIGHTS

COMES NOW Plaintiff, by and through counsel, for Plaintiff's cause of action against Defendant United States of America, alleges and avers as follows:

1. Plaintiff is and was at all times mentioned herein a citizen of the State of California, the United States and a resident of San Diego County.
2. Plaintiff was born on January 13, 1979.
3. All times referenced herein, Defendants are/were agents of the United States of America.

## I

## JURISDICTION PURSUANT TO THE F.T.C.A.

4. This action arises under the Federal Torts Claims Act (F.T.C.A) , 28 U.S.C. §2671, et seq. for money damages as a result of personal injury and infliction of emotional distress caused by the negligent and/or wrongful acts or omissions of employees of the United States Government while those employees were acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the claimant. This Court has jurisdiction pursuant to 28 U.S.C. §1346(b)
5. Prior to the institution of this action, Plaintiff exhausted his administrative remedies pursuant to 28 U.S.C.§2675 by filing claims/demands with the United States of America and its agencies the Department of Homeland Security as well as the Department of U.S. Customs and Border Protection.
6. The United States of America through its agent denied Plaintiff's claims/demands in a letter dated August 3, 2010.
7. Plaintiff has elected to file suit pursuant to 28 U.S.C. §2675.

///

## II

## JURISDICTION PURSUANT TO 42 U.S.C. §§1983, 1988

8. This action arises from the Defendants' violations of Plaintiff's constitutionally protected right against excessive and unreasonable force by government agents against Plaintiff during Defendants' search and seizure of Plaintiff while Plaintiff was within the United States. This Court has jurisdiction pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and the Fourth Amendment to the U.S. Constitution.

## III

## VENUE

9. All events and/or omissions which give rise to the claims contained in this complaint occurred in the County of San Diego, California and within the district of this Court, the Southern District of California.
10. Venue is proper before this Court pursuant to 28 U.S.C. §1391.

## IV

## GENERAL ALLEGATIONS

11. Plaintiff, Gustavo Godoy was residing in and all of the events occurred within San Diego County, California when the events at issue occurred. Plaintiff Gustavo Godoy currently resides in San Diego County, California.
12. Plaintiff, Gustavo Godoy is and has since birth been a United States Citizen.
13. Plaintiff is informed and believes that at all times relevant herein, Defendants were/are agents of the United States of America acting within the course and scope of their employment and under the color of law.

///

**<u>Events of February/March 2009</u>**:

14. On or about February 28, 2009 or March 1, 2009, Plaintiff, in the company of Lazaro Arenas and Pedro Hernandez attempted to enter the United States from the Republic of Mexico, at a port of entry through the vehicle lane, in a vehicle. Plaintiff believes in good faith that the port of entry at issue is the San Ysidro, California, Port of Entry.

15. At all times, Plaintiff and all those accompanying Plaintiff had the legal right to enter the United States.

16. Plaintiff and the others in the vehicle produced identity documents proving their legal right to enter the United States upon demand by Defendants at the port of entry.

17. Plaintiff, a passenger in the vehicle which was driven by Lazaro Arenas, was ordered by Defendants to exit the vehicle Plaintiff was a passenger in.

18. Plaintiff exited the vehicle as per the Defendants' order without resistence.

19. Plaintiff was then ordered by Defendants to proceed to the rear of the vehicle, walking backward and with his hands in the air.

20. Plaintiff walked to the rear of the vehicle, backward and with his hands in the air without resistence as per the orders of the Defendants.

21. While Plaintiff was in the process of walking backward to the rear of the vehicle with his hands in the air; Plaintiff continually exclaimed words meant to and did place the Defendants on notice that a similar mistake as to Plaintiff's identity had occurred before and that Plaintiff was in fact not the person that was apparently being sought by the United States Government.

22. When Plaintiff arrived at the rear of the vehicle, Plaintiff placed himself into a kneeling position as ordered by the Defendants.

23. While Plaintiff was in a kneeling position behind the vehicle with his hands in the air, an unknown number of Defendants attacked Plaintiff from behind

with such force as to violently smash Plaintiff's face and body into the cement/asphalt causing Plaintiff harm/injuries.

24. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has incurred substantial medical debts, required to lessen the damage caused by Defendants' actions.

25. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has lost past, present and future earnings.

26. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has suffered substantial pain and suffering.

27. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has suffered a permanently disabling injury to Plaintiff's back, including but not limited to Plaintiff's lower lumbar and other parts of Plaintiff's body.

28. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has suffered emotional distress.

29. As a direct and proximate result of the injuries Plaintiff suffered, Plaintiff has been permanently disabled.

## V

## FIRST CLAIM FOR RELIEF
## ASSAULT AND BATTERY-PERSONAL INJURY
## AGAINST ALL DEFENDANTS AND DOES 1-50
## REGARDING THE EVENTS OF FEBRUARY/MARCH 2009

30. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 29 as though fully set forth herein.

31. Defendants intentionally and wrongfully harmed Plaintiff, through actions amounting to assault and battery by attacking Plaintiff from behind with sufficient force to cause Plaintiff's body to come into violent contact with

the cement/asphalt thus causing Plaintiff physical injury during the events of February 28, 2009/March 1, 2009.

32. Plaintiff at no time resisted Defendants' actions during these events.

33. Plaintiff at all times obeyed Defendants' orders during these events.

34. Defendants' actions were excessive and unjustified under the circumstances during these events.

35. Defendants' actions during these events were the direct and proximate cause of Plaintiff's injuries.

## VI

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

## AGAINST ALL DEFENDANTS AND DOES 1-50

## REGARDING THE EVENTS OF FEBRUARY/MARCH 2009

36. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 35 as though fully set forth herein.

37. Defendants had a duty to act with reasonable and due care while in the process of contacting and processing Plaintiff during the events of February 28, 2009/March 1, 2009.

38. Defendants breached their duty of care to Plaintiff during these events.

39. Defendants' actions in breach of their duty to Plaintiff during these events were the direct and proximate cause of all of Plaintiff's injuries.

40. Defendants' actions during these events are not protected by immunity/privilege.

41. The actions of Defendants during these events directly and proximately caused Plaintiff to suffer serious physical and emotional injuries. The nature and extent of the injuries sustained by Plaintiff to be proven at a later

date.

## VII

## THIRD CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1-50

## REGARDING THE EVENTS OF FEBRUARY/MARCH 2009

42. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 41 as though fully set forth herein.

43. Defendants' intentional wrongful actions during these events caused serious physical harm/injuries to Plaintiff.

44. Plaintiff's physical injuries, caused by Defendants, have naturally resulted in Plaintiff suffering emotional distress.

## VIII

## FOURTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1-50

## REGARDING THE EVENTS OF FEBRUARY/MARCH 2009

45. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants' negligent wrongful actions caused serious physical harm/injuries to Plaintiff.

47. Plaintiff's physical injuries, caused by Defendants, have naturally resulted in Plaintiff suffering emotional distress.

///

///

**Events of August 3, 2009**:

48. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff on or about August 3, 2009, in the company of Julio Marmolejo and Melissa Marmolejo attempted to enter the United States from the Republic of Mexico, at a port of entry through the vehicle lane, in a vehicle. Plaintiff believes in good faith that the port of entry at issue is the San Ysidro, California, Port of Entry.

50. At all times, Plaintiff and all those accompanying Plaintiff had the legal right to enter the United States.

51. Plaintiff and the others in the vehicle produced identity documents proving their legal right to enter the United States upon demand by the Defendants at the port of entry.

52. Plaintiff, a passenger in the vehicle which was driven by Julio Marmolejo, was ordered by Defendants to exit the vehicle Plaintiff was a passenger in.

53. Plaintiff exited the vehicle as per the Defendants' orders without resistence.

54. Plaintiff was placed into the custody of Defendants.

55. While Plaintiff was in the custody of the Defendants; Defendants wrongfully and unjustifiably harmed Plaintiff by amongst other things, forcing Plaintiff's body into positions which caused Plaintiff physical and emotional injuries.

56. While Defendants forced Plaintiff's body into positions which caused Plaintiff physical and emotional injuries; Defendant in a loud clear voice placed Defendants on notice that Defendants' actions were causing Plaintiff to suffer further physical and emotional injuries.

57. Despite Plaintiff's notice to Defendants, Defendants intentionally and negligently continued to wrongfully harm Plaintiff.

58. Some of Defendants' actions in harming Plaintiff were done to Plaintiff on account of amongst other reasons, Plaintiff's race.

**IX**

**FIFTH CLAIM FOR RELIEF**

**ASSAULT AND BATTERY-PERSONAL INJURY**

**AGAINST ALL DEFENDANTS AND DOES 1-50**

**REGARDING THE EVENTS OF AUGUST 2009**

59. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 58 as though fully set forth herein.

60. Defendants intentionally and wrongfully assaulted and battered Plaintiff by forcing Plaintiff's body into positions which caused Plaintiff harm before, during and after Plaintiff placed Defendants on notice that Defendant's actions were causing Plaintiff physical harm on or about August 3, 2009.

61. Plaintiff at no time resisted Defendants' actions during these events.

62. Plaintiff at all times obeyed Defendants' orders during these events.

63. Defendants' actions during these events were excessive and unjustified under the circumstances.

64. Defendants' actions during these events were the direct and proximate cause of Plaintiff's injuries.

**X**

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENCE**

**AGAINST ALL DEFENDANTS AND DOES 1-50**

**REGARDING THE EVENTS OF AUGUST 2009**

65. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 64 as though fully set forth herein.

66. Defendants had a duty to act with reasonable and due care while in the process of contacting and processing Plaintiff on or about August 3, 2009.

67. Defendants breached their duty to Plaintiff.

68. Defendants' actions in breach of their duty to Plaintiff were the direct and proximate cause of all of Plaintiff's injuries.

69. Defendants' actions are not protected by immunity/privilege.

70. The actions of Defendants directly and proximately caused Plaintiff to suffer serious physical and emotional injuries. The nature and extent of the injuries sustained by Plaintiff to be proven at a later date.

## XI
## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1-50
## REGARDING THE EVENTS OF AUGUST 2009

71. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 70 as though fully set forth herein.

72. Defendants' intentional wrongful actions caused serious physical harm/injuries to Plaintiff.

73. Plaintiff's physical injuries, caused by Defendants, have naturally resulted in Plaintiff suffering emotional distress.

///

///

///

///

**XII**

**EIGHTH CLAIM FOR RELIEF**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1-50**

**REGARDING THE EVENTS OF AUGUST 2009**

74. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 73 as though fully set forth herein.

75. Defendants' negligent wrongful actions caused serious physical harm/injuries to Plaintiff.

76. Plaintiff's physical injuries, caused by Defendants, have naturally resulted in Plaintiff suffering emotional distress.

**PLAINTIFF'S CLAIMS FIRST THROUGH EIGHTH PURSUANT TO**:

**28 U.S.C.S. §1346 (b); Federal Torts Claims Act:**

Pursuant to the section 1346 of the Federal Torts Claims Act, the United States Government can be held liable for tortuous/wrongful, negligent actions of its officers/agents which were committed during that officer/agent's normal course of employment while acting under the color of law.

Plaintiff alleges that Defendants' actions in both events were unjustifiable under the circumstances because:.

77. At no time did Plaintiff resist the orders of Defendants.

78. At no time did Plaintiff pose a risk to Defendants' safety.

79. Defendants' wrongful actions are not protected under the discretionary function doctrine.

80. Defendants' actions were tortuous in that Defendants intentionally harmed Plaintiff causing Plaintiff injury.

81. Defendants' actions were negligent in that Defendants' actions breached

their duty to Plaintiff resulting in harm to Plaintiff.

**PLAINTIFF'S CLAIMS NINTH THROUGH TENTH PURSUANT TO**:

**42 U.S.C. §1983; Fourth Amendment**:

Pursuant to the Fourth Amendment to the U.S. Constitution, Plaintiff has the constitutionally protected right to be free from excessive and unreasonable force by the government in the process of a search and seizure of Plaintiff.

42 U.S.C. §1983 provides a cause of action against any person, including a government official who, under the color of law, deprives another of any rights, privileges or immunities secured by the Constitution and Laws of the United States.

Section 1983 is arguably not a source of substantive rights, but rather a method for vindicating those federal rights which have been established elsewhere. See *Graham v. Connor*, 490 U.S. 386 (1989).

The standard for "under color of law" encompasses both persons acting in their individual capacity as well as government officials. See *Brentwood Academy v. Tennessee Secondary School Athletics Association*, 531 U.S. 288 (2001).

Liability under section 1983 requires a causal link to the actions of the defendants. See *Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007.)

**XIII**

**NINTH CLAIM FOR RELIEF**

**FOURTH AMENDMENT RIGHTS VIOLATION**

**AGAINST ALL DEFENDANTS AND DOES 1-50**

**REGARDING THE EVENTS OF FEBRUARY/MARCH 2009**

82. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 81 as though fully set forth herein.

83. Plaintiff as a United States Citizen while in the United States had a

constitutionally protected right to be free from government actors using excessive and unreasonable force against Plaintiff in the process of a search and seizure of Plaintiff.

84. Defendants' wrongful actions during the February/March 2009 event referenced above were excessive because Plaintiff was obeying Defendants' orders while Defendants were searching and seizing Plaintiff.

85. Defendants' wrongful actions during the February/March 2009 event referenced above involved Defendants using unreasonable force against Plaintiff because Plaintiff was obeying Defendants' orders while Defendants were searching and seizing Plaintiff.

86. The wrongful actions of Defendants as individuals and as government agents, acting under the color of law, were NOT objectively reasonable in light of the facts and circumstances confronting them at the time of the February/March 2009 event.

87. At the time of the February/March 2009 event Defendants, as individuals and as government agents, acting under the color of law, subjected Plaintiff to unjustified harm, while acting under an unconstitutional custom or policy established by Defendants which Defendants knew or should have known violated Plaintiff's constitutional rights and in doing so violated Plaintiff's constitutional rights, including but not limited to Plaintiff's right to be free from excessive and unreasonable force during search and seizure.

## XIV
## TENTH CLAIM FOR RELIEF
## FOURTH AMENDMENT RIGHTS VIOLATION
## AGAINST ALL DEFENDANTS AND DOES 1-50
## REGARDING THE EVENTS OF AUGUST 2009

88. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 87 as though fully set forth herein.

89. Plaintiff as a United States Citizen while in the United States had a constitutionally protected right to be free from government actors using excessive and unreasonable force against Plaintiff in the process of a search and seizure of Plaintiff.

90. Defendants' wrongful actions during the August 2009 event referenced above were excessive because Plaintiff was obeying Defendants' orders while Defendants were searching and seizing Plaintiff.

91. Defendants' wrongful actions during the August 2009 event referenced above involved Defendants using unreasonable force against Plaintiff because Plaintiff was obeying Defendants' orders while Defendants were searching and seizing Plaintiff.

92. Defendants' wrongful actions during the August 2009 event referenced above involved Defendants using unreasonable force against Plaintiff because Plaintiff placed Defendants on notice while Defendants were searching and seizing Plaintiff that Defendants's actions were causing serious pain and harm to Plaintiff and Defendants continued their wrongful, harmful actions against Plaintiff.

92. The wrongful actions of Defendants as individuals and as government agents, acting under the color of law, were NOT objectively reasonable in light of the facts and circumstances confronting them at the time of the August 2009 event.

93. At the time of the August 2009 event Defendants, as individuals and as government agents, acting under the color of law, subjected Plaintiff to unjustified harm, while acting under an unconstitutional custom or policy established by Defendants which Defendants knew or should have known

violated Plaintiff's constitutional rights and in doing so violated Plaintiff's constitutional rights, including but not limited to Plaintiff's right to be free from excessive and unreasonable force during search and seizure.

**42 U.S.C. §1988(b) Attorney's Fees:**

Pursuant to 42 U.S.C. §1988(b), Plaintiff alleges that Plaintiff is entitled to reasonable attorney's fees spent and/or will be spent in the pursuit of this complaint.

**Demand for Jury Trial**:

Plaintiff hereby places the Court on notice that Plaintiff demands a jury trial in his case; assuming a jury trial is available.

Plaintiff acknowledges that a trial by jury is not available to Plaintiff for those of Plaintiff's actions arising from actions pursuant to 28 U.S.C. §1346. See 28 U.S.C. §2402.

94. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered and will continue to suffer, physical injuries, emotional injuries, permanent disability, lost past wages, lost current wages, lost future wages, pain and suffering, emotional distress, medical expenses, incidental damages, attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows but not limited to:

a) For General Damages totaling $3, 204,181;

b) For Special Damages;

c) For Incidental Damages;

d) For Attorney's Fees;

e) For prejudgment interest as permitted by law;

f) For costs of suit incurred; and

g) For such other and further relief as the court may deem just and proper.

h) General Damages totaling $3, 204,181 for those claims pursuant to the Federal Torts Claims Act.

i) Damages of a currently unknown amount, to be proven at trial, for those claims pursuant to 42 U.S.C. §1983; Fourth Amendment to the U.S. Constitution.

j) Attorney's fees and costs of a currently unknown amount, to be proven at trial, for those claims pursuant to 42 U.S.C. §1983; Fourth Amendment to the U.S. Constitution.

**Related Cases**:

Plaintiff is unaware of any case related to either of the events contained in this Complaint.

Dated: January 25, 2011

s/David Landry
David Landry
Attorney for Plaintiff
Gustavo Godoy
E-mail: LandryDavid@msn.com

**CERTIFICATE OF SERVICE**

**PROOF OF SERVICE BY CM/ECF SYSTEM**

I, the undersigned, hereby declare as follows:

I am over the age of 18 years, a resident of the County of San Diego, State of California, with a business address of 121 Broadway, #548, San Diego, CA 92101.

I am not a party to this action.

On January 25, 2011 I served by electronic filing through this Court's CM/ECF system the instant **Complaint Demand for Jury Trial** upon:
the United States of America

I declare, under penalty of perjury that the foregoing is a true and correct statement, to the best of my knowledge and belief.

Respectfully Submitted,

Dated: January 25, 2011

*s/David Landry*______________
David Landry,
Attorney for Cross-Claimant
Email: LandryDavid@msn.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gustavo Godoy

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of David Landry, 121 Broadway, Suite 548, San Diego, CA 92101; (619) 702-2020

## DEFENDANTS

United States of America

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'11CV0161 L NLS

Attorneys (If Known)
Laura E. Duffy, US Attorney, 880 Front St. Room 6293, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. 2674 and 42 U.S.C. 1983

Brief description of cause:
Personal Injury Fed. Torts Claims Act; Excessive Force 4th Amendment Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 3,204,181.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE: 01/25/2011

SIGNATURE OF ATTORNEY OF RECORD: s/David Landry

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE